Graylin L. HALL, Defendant
Below, Appellant,

v.

The STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Sept. 16, 1983.
Decided: Jan. 26, 1984.

Karl Haller, Asst. Public Defender, Georgetown, for defendant-appellant.

John M. Sandy and Gary A. Myers, Deputy Attys. Gen., Georgetown, for plaintiff-appellee.

Before McNEILLY, MOORE, and CHRISTIE, JJ.

CHRISTIE, Justice:

In this case we must redefine the rebuttable presumption arising from the possession of recently stolen goods. We also decide that prior convictions must be separate prior convictions to justify the imposition of life imprisonment without parole under the provisions of the habitual offender's act.

The defendant, Graylin Hall, was indicted for burglary in the second degree and theft. It was alleged that Hall entered a dwelling and stole a bed sheet, two pillow cases, and a large quantity of coins.

At trial in Superior Court, the victim testified that his house had been entered and that a bed sheet, two pillow cases, and

a large quantity of coins had been stolen. A bank teller testified that a man had entered the bank, the day after the alleged crimes, with two pillow cases containing a large quantity of coins. The man identified himself as Graylin Hall. The coins had a face value of $520.59. When the man started to leave, the teller activated the bank's surveillance cameras. The photographs taken by that camera were admitted as evidence over defense counsel's objection. It is apparent that in finding defendant guilty of the crimes charged, the jury decided that the photographs were those of the defendant.

The State's only evidence connecting Hall with the burglary and theft was his appearance in the bank the day after the crimes had been committed with a large quantity of coins contained in two pillow cases which were similar to those taken from the victim's house. No witness testified that he saw Hall enter the residence or take the items, and no fingerprints or footprints were present that linked Hall to the crimes. When he was arrested, Hall denied that he had committed the offenses and stated that he was playing basketball at the time of the offenses. At the trial, the only substantial defense was alibi. Hall and three other witnesses testified that Hall was with them and not at the crime scene on the evening in question.

The trial judge instructed the jury that a person in possession of recently stolen goods is presumed to have stolen the goods. The charge was in accord with the provisions of 11 *Del.C.* § 306(c), (d), and (e) [1] but significantly omitted that part of the specific language suggested in Delaware Model Instruction 4H which states that "[a] presumption is nothing more than an inference you are permitted to make ..." Defense counsel objected to that portion of the charge arguing, first, that a rebuttable presumption as explained is repugnant to the Fourteenth Amendment of the United States Constitution because it shifts the burden of proof from the State to the defendant; and second, that if the charge were to be viewed as instructing the jury as to the existence of an inference (as opposed to a rebuttable presumption), the charge includes an impermissible comment upon the evidence in violation of Article IV, Section 19 of the Delaware Constitution. Counsel's objections were overruled, and the jury found Hall guilty of burglary in the second degree and of theft.

The State then presented a motion that the Court declare Hall an habitual criminal and sentence him to life imprisonment under the provisions of 11 *Del.C.* § 4214(b). [2]

1. 11 *Del.C.* § 306. No conclusive presumptions; rebuttable presumptions and proof thereof.

\* \* \* \* \* \*

(c) Notwithstanding any other provision of this Criminal Code, the following rebuttable presumptions are expressly preserved:

(1) A person is presumed to intend the natural and probable consequences of his act.

(2) A person found in possession of goods acquired as a result of the commission of a recent crime is presumed to have committed the crime.

(d) Proof of a fact tending to create a rebuttable presumption not inconsistent with this Criminal Code or a presumption created by this Criminal Code constitutes prima facie evidence of the presumed conclusion.

(e) The court may tell the jury of the existence of the presumption, and if it does so the defendant is entitled to a jury instruction that the presumption does not relieve the State of its burden of proving guilt beyond a reasonable doubt. Nevertheless, the jury may convict the defendant, despite the existence of evidence tending to rebut the presumption, if they find no reasonable doubt about the defendant's guilt.

2. 11 *Del.C.* § 4214. Habitual criminal; life sentence.

\* \* \* \* \* \*

(b) Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the impo-

At the hearing on the motion, the State presented certified copies of documents evidencing that defendant had had two prior convictions of the crime of burglary second degree in Delaware.[3] A Deputy Attorney General testified that Hall had pleaded guilty in 1981 to two informations charging him with burglary in the second degree. It was apparent that Hall had entered guilty pleas as to both of the prior offenses on the same day. At a later date, the sentences for both offenses had been imposed the same day.

Defense counsel argued that the two prior convictions should count as only one for purposes of the application of the habitual offender act because sentences as to both had been imposed on the same day, and defendant had had no post-conviction chance to reform after the first offense. It was argued that the intent of the legislature was to reserve the habitual offender penalties for those individuals who were not rehabilitated after at least two encounters with the criminal justice system and two chances to reform. The State, however, argued that, since the prior convictions arose out of separate transactions they should count as two separate offenses even though the sentences were imposed simultaneously. The trial judge found the State's arguments to be persuasive and applied the sanctions of the habitual offender statute by sentencing Hall to be imprisoned for life without the possibility of parole.

On appeal, defendant again asserts the arguments which he made to the trial court.

As to the presumption arising from the possession of recently stolen goods, the trial judge charged the jury as follows:

The two crimes that are charged against this defendant are burglary and theft. No one saw this defendant commit either the burglary or the theft. For conviction of both or either of these two crimes, the State depends upon a principle of law that when recently stolen property is found in the possession of a person, that person is presumed in law to be the one who committed the burglary in which the theft took place and the theft itself. It is a principle of law in this State that when recently stolen property is found in the possession of a person, that person may be presumed by the jury to be the one who stole it. On the other hand, the possession may be explained to the satisfaction of the jury, and the presumption of possession may be effectively rebutted. Applying this rule to the evidence in this case, if you should find beyond a reasonable doubt that the property owned by the prosecuting witness was stolen and if you further find beyond a reasonable doubt that the defendant soon thereafter was in possession of that property so stolen, such possession is prima facie evidence of the commission of the crime of burglary. That is, the possessor of such stolen property may be presumed from such facts to be the thief if you are satisfied beyond a reasonable doubt from such facts that he was the thief.

The existence of the presumption that I just mentioned that arises from possession of recently stolen property does not

---

sition of capital punishment. Such sentence shall not be subject to the probation or parole provisions of Chapter 43 of this title.
 Such felonies shall be:

| Section | Crime |
|---------|-------|
| 803 | Arson in the first degree |
| 826 | Burglary in the first degree |
| 825 | Burglary in the second degree |
| 636 | Murder in the first degree |
| 635 | Murder in the second degree |
| 632 | Manslaughter |
| 783 | Kidnapping in the second degree |
| 783A | Kidnapping in the first degree |

| Section | Crime |
|---------|-------|
| 613 | Assault in the first degree |
| 763 | Rape in the second degree |
| 764 | Rape in the first degree |
| 766 | Sodomy in the first degree |
| 832 | Robbery in the first degree |

The history of the statute is traced in *Oney v. State*, Del.Supr., 446 A.2d 389 (1982).

3. The Court notes that burglary in the second degree is perhaps the least violent of those felonies which may form the basis for a sen-

relieve the State of its burden of proving its case beyond a reasonable doubt, but you may convict the defendant despite the existence of evidence tending to negate the presumption if you have no reasonable doubt about his guilt. In summary, you are required to find the defendant not guilty if you have a reasonable doubt as to his guilt, despite the existence of the presumption.

■ In this charge the words "presumed" or "presumption" were used six times and the word "inference" was never used, although "presumptions" of this sort must be explained as inferences under recent case law. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The charge clearly indicates that if the possession is "explained to the satisfaction of the jury" the presumption "may be effectively rebutted." Most of the charge is a carefully worded charge on a rebuttable presumption and for many years a charge of this sort was deemed to meet constitutional standards. However, the charge does leave open the danger that it might be understood to shift the burden of proof to defendant because it fails to say that defendant has no duty to testify or to present evidence, and it does not specifically state that possession of recently stolen goods may be explained by evidence other than defendant's own testimony. The charge eventually goes on to explain that the presumption does not relieve the State of its burden of proving every element of the crime beyond a reasonable doubt, but such statement may itself have been difficult to apply correctly in view of the apparent significance of the presumption.

■ As was pointed out in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the effect of a presumption as explained in a jury instruction must be tested by the way a reasonable juror could have interpreted the charge and not by the interpretation which a court would place on the charge. Viewed in this light, the charge given in this case could well

have been regarded by the jury as an instruction that one found in possession of recently stolen goods is presumed to be the thief unless he personally rebuts the presumption by an explanation which the jury finds to be satisfactory. Such an understanding would have been an incomplete understanding of the law as it now stands.

At least since the decision in *Sandstrom v. Montana, supra,* it has been clear that a jury instruction such as this one on a rebuttable presumption does not meet constitutional requirements unless it is clearly explained that the presumption is actually no more than a permissible inference. The statute on which the "presumption" rests must also be read to refer to a presumption which has the characteristics of an inference if it is to be upheld in the face of constitutional challenges. The Delaware Model Charge 4H prepared in 1973 attempted to meet this requirement.

Under the circumstances, the mere likelihood that the charge was misunderstood causes the charge to fall short of the constitutional requirements set forth in *Sandstrom v. Montana, supra.*

■ The State does not attempt to defend the charge as given but, instead, it takes the position that any error in the charge was harmless since the only defense was alibi. We are of the opinion, however, that once the alibi defense was rejected by the jury, the focus had to be upon defendant's unexplained possession of recently stolen goods and a completely correct charge on that issue was essential. Therefore, the conviction must be set aside and the case remanded for a new trial.

A suggested charge on possession of recently stolen goods which goes somewhat beyond the Delaware Model Charge and fully explains the presumption as an inference the jury may draw is found in *Pendergrast v. United States,* 135 U.S.App.D.C. 20, 416 F.2d 776, 791 (1969), *cert. denied* 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243. We have used language from that charge in

tencing of an habitual criminal. 11 *Del.C.*

§ 4214(b), *supra* p. 4, note 2.

drafting a proper charge (set forth in the appendix) under Delaware law and practice on the possession of recently stolen goods. It should be noted that the "presumption" is now to be explained as an inference and even the word "presumption" is omitted (in spite of the wording of the statute) lest it confuse the jury. We are of the opinion that the basic intent of the statute may be carried out by interpreting its wording and application so as to comply with recent decisions as to constitutional requirements and by further explaining the significance of the statutory provision as to the burden of proof remaining with the State.

Defendant may contend that any instruction as to a rebuttable presumption which is now explained as a permissible inference arising from the possession of recently stolen goods would constitute an improper comment on the evidence or a charge as "to matters of fact" forbidden under the provisions of Article IV, Section 19 of the Delaware Constitution.[4] However, such contention would be without merit. A forbidden comment on the evidence or a charge as to matters of fact would consist of comments such as an expression of opinion as to the credibility of one witness' testimony as opposed to that of another witness, or the expression of a view that one piece of evidence should be given more weight than is given to specified conflicting evidence. It is not a comment on the evidence for a judge to explain the legal significance which the law attaches to a particular factual finding provided that it is clear to the jury that the judge is not expressing an opinion as to the existence or non-existence of the underlying facts. In explaining the law as it applies to various possible findings of fact the judge "state[s] the questions of fact and declare[s] the law."

Defendant's second argument relates to his sentence as an habitual offender. This issue now is moot, since a new trial is to be granted. However, if defendant is reconvicted, the same issue will arise again, and

it is important that there be a definitive interpretation of the Delaware habitual offender's act. Under the circumstances, the Court has decided to address the issue.

The defense contention is that since his first two felony convictions took place at the same time (guilty pleas entered at the same date in Superior Court) and were later the subject of a sentencing during a single sentencing session, they do not establish that defendant has been "2 times convicted" of one of the specified felonies within the meaning of the habitual offender statute, 11 *Del.C.* § 4214(b), *supra* p. 4, note 2. There is a split of authority among the states as to whether two or more simultaneous convictions and sentencings may be counted as separate prior convictions under the varying wording of the many habitual offender statutes. There are many jurisdictions on each side of the issue. *See* cases collected in Annot., Habitual Criminal Statutes, 24 A.L.R.2d 1247 (1952).

We note the severe punishment (mandatory life imprisonment without possibility of probation or parole) which is required under the Delaware statute is to be applied in the case of an habitual offender who has had three convictions of felonies listed in the statute. The reasoning which might justify life imprisonment for offenders who are being sentenced for a third felony (in this case a third house breaking with intent to steal) is that the offender has committed still a third offense after having had two prior convictions followed by two separate chances to reform. In effect, the offender is being taken off the street because he is deemed to be incorrigible.

■ We find that the Delaware statute does not address itself to the question of whether a single proceeding involving convictions of two felonies results in a "2 times convicted" status for the offender. An ambiguity exists which requires the Court to interpret the statute. We interpret this subsection of the Delaware habitual offend-

---

4. Del. Const. art. IV, § 19. Instructions to jury.

  *Section 19.* Judges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law.

er's act as applying only to those offenders who have been twice convicted of the specified felonies in prior proceedings where the second conviction took place on account of an offense which occurred after sentencing had been imposed for the first offense. Of course, it is even clearer that the third offense in turn must have taken place after the sentencing for the second offense.

The ruling here made as to the application of the habitual offender act does not mean that the courts will be required to be "soft" on those who have committed multiple offenses before being caught or before being caught for a second time. Circumstances surrounding convictions of those who "got by" with more than one crime before being caught vary widely. Under Delaware statutes, the trial courts will continue to have great flexibility as to the sentencing of those felons who have not twice before been separately convicted and sentenced. This flexibility permits the trial judge to impose severe or less severe sentences (but less than life imprisonment without the possibility of parole) on three-time offenders who have not had two chances to reform following prior convictions.

Because a new trial was granted and the application of the habitual offender statute was deemed to be improper in this case, the Court does not reach the issues which were briefed by the parties at the request of the Court as to the proportionality of the sentence imposed.

The conviction and judgment of the Superior Court are REVERSED and the case is REMANDED for a new trial.

## APPENDIX

### Charge on Possession of Recently Stolen Goods

If you find that the State has established beyond a reasonable doubt, that the defendant had in his possession property recently stolen in the course of the crime alleged in the indictment, you may consider that circumstance in weighing the evidence. You are not required to draw any conclusion from that circumstance, but you are permitted to infer, from the defendant's possession, if you find it to be unexplained or unsatisfactorily explained by the evidence presented, that the defendant is guilty of the offense, provided that in your judgment such an inference is warranted by the evidence as a whole.

Proof of defendant's possession of the recently stolen property does not shift the State's burden of proof. The burden is always upon the State to prove beyond a reasonable doubt every essential element of an offense. Before you may draw any inference from the defendant's possession of recently stolen property, you must first find that the State has proved beyond a reasonable doubt that the offense charged took place. If you find that the State has proved beyond a reasonable doubt every essential element of that offense but has not shown that defendant took part in the offense except by his possession of stolen property, the defendant's possession of the recently stolen property is a circumstance from which you may find, by the process of inference, that the defendant was the person or one of the persons who stole it. In short, if the State has proved beyond a reasonable doubt all the essential elements of the offense, except defendant's participation therein, then, but only then, the defendant's possession of the stolen property (if not satisfactorily explained by the evidence presented) permits you to infer that the defendant was the thief or one of the thieves, provided that you find such inference to be warranted in view of all the evidence in the case.

In considering whether the defendant's possession of the recently stolen property has been satisfactorily explained, you must bear in mind that the defendant is not required to take the witness stand or furnish an explanation. His possession may be satisfactorily explained by other circumstances shown by the evidence independent of any testimony by the defendant himself. And even if the defendant's possession of the recently stolen property is unexplained or is not explained to your satisfaction, you cannot draw the inference adverse to the defendant unless after consideration of all

the evidence you have no reasonable doubt as to defendant's guilt.

It is exclusively within your province to determine (a) whether property specified in the indictment was stolen in the course of the alleged crime and, if so, (b) whether, while recently stolen, it was in the possession of the defendant and, if so, (c) whether the possession of the property has been satisfactorily explained by the evidence presented, and (d) whether the evidence as a whole warrants any inference of guilt.

If you find that the State has failed to prove beyond a reasonable doubt every essential element of the offense charged; or if you find that the State has failed to prove beyond a reasonable doubt that property specified in the indictment was in the possession of the defendant while recently stolen; or if the defendant's possession of the stolen property is satisfactorily explained by other circumstances shown by the evidence; or if, after consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt; then, in any one or more of these events, you must find the defendant not guilty.