15 A.3d 1234 (2011)
James E. STANLEY, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
No. 200, 2009.
Supreme Court of Delaware.
Submitted: February 14, 2011.
Decided: March 15, 2011.
*1235 Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

ORDER
This 15th day of March 2011, it appears to the Court that:
(1) Defendant-Below/Appellant, James E. Stanley, appeals from his Superior Court jury convictions of conspiracy second degree, burglary first degree, two counts of robbery first degree, and three counts of possession of a firearm during the commission of a felony ("PFDCF"). The Superior Court sentenced Stanley to three life sentences pursuant to title 11, section 4214(b) of the Delaware Code. Stanley raises two arguments on appeal. First, Stanley contends that his sentence violates the Eighth Amendment to the United States Constitution. Second, Stanley contends that the Superior Court abused its discretion in denying a joint continuance request and in sentencing Stanley without an adequate hearing on the merits. We find no merit to Stanley's appeal and affirm.[1]
(2) One spring evening, Stanley and a co-conspirator unlawfully entered the home of Paul and Debra Getshall. Stanley repeatedly threatened the Getshalls at gunpoint, assaulted Paul Getshall, and robbed the Getshalls. The New Castle County Police investigated the crime and arrested Stanley.
(3) Stanley was charged by indictment with conspiracy second degree, two counts of burglary first degree, three counts of robbery first degree, and five counts of PFDCF. While awaiting trial in prison, Stanley wrote letters and made phone calls to an associate for the purpose of convincing the Getshalls to decline to appear in court for his trial. For example, in one conversation, Stanley asked the associate to "get someone to go over there to Paul [Getshall] to see if Paul would take $2,500 or $3,000 not to come to court." Instead of relaying those offers to the Getshalls, Stanley's associate informed the police.
(4) Thereafter, the Superior Court granted Stanley's motion to dismiss or merge several counts of the indictment. A jury found Stanley guilty of the remaining countsconspiracy second degree, burglary first degree, two counts of robbery first degree, and three counts of PFDCF. Pursuant to title 11, section 4214(b) of the Delaware Code, the Superior Court sentenced Stanley to six life sentences for the burglary first degree, two robbery first degree, and three PFDCF convictions. The Superior Court sentenced Stanley to one year at Level V, suspended for one year at Level II, for the conspiracy second degree conviction.
*1236 (5) The Office of Public Defender, which represented Stanley at trial, filed an opening brief and moved to withdraw as appellate counsel pursuant to Supreme Court Rule 26(c).[2] That brief also included eight other points that Stanley wished the Court to consider. We granted that motion, but appointed Peter N. Letang, Esquire as substitute counsel. Letang then filed the opening brief for this appeal.
(6) Thereafter, the State moved to remand the matter to the Superior Court with instructions to vacate the sentence order and to resentence Stanley. In the State's original section 4214 motion, the State requested that Stanley be sentenced pursuant to section 4214(b) for all seven convictions. The State conceded that Stanley qualified for only three mandatory life sentences for the convictions of burglary first degree and two counts of robbery first degree. We granted the State's motion to remand. Two days later, pursuant to Supreme Court Rule 26(d)(ii),[3] Letang moved to withdraw as appellate counsel and requested that we "direct the Superior Court to conduct an evidentiary hearing to permit the Appellant to proceed on direct appeal pro se." We held that motion in abeyance pending the return of the matter from remand.
(7) Initially, the Superior Court was unable to resentence Stanley because he had been extradited to Maryland. At that time, we instructed the Superior Court to return the matter from remand "at the earliest time as is feasible after Stanley's resentencing." We also instructed the Superior Court to make necessary inquiries to "formulate a conclusion as to whether [Stanley's] desire to proceed pro se is knowing and voluntary," if Stanley expressed such a desire at the resentencing. Thereafter, the Superior Court vacated Stanley's first sentence order and resentenced him. The Superior Court evaluated the circumstances of this case as follows:
As I have expressed at the original sentencing, this is a particularly egregious crime. It involved pistol whipping of an elderly couple, man and a woman, who were in bad healththe gentlemen wasin order to rob them of rent receipts. It was premeditated. It was planned. And it was particularly brutal. I also believe that Mr. Stanley has no remorse whatsoever. During the course of the prosecutionduring the trial it was learned that Mr. Stanley had telephoned someone on the outside and asked that person to give the bitch some money, meaning to give some money to the female victim in an effort to persuade her and her husband not to appear at trial.
Mr. Stanley has a very long criminal record. He is by any definition a hardened criminal, and he had finished an 11 year sentence in jail and had been out less than a year when he committed this crime.
It is thereforethere are a lot of aggravated circumstances.
(8) Pursuant to title 11, section 4214(b) of the Delaware Code, the Superior Court sentenced Stanley to three life sentences *1237 for the burglary first degree and two robbery first degree convictions. The Superior Court also sentenced Stanley to twenty years in prison for each PFDCF conviction and one year in prison for the conspiracy second degree conviction.
(9) At that time, the Superior Court also conducted a hearing to determine whether Stanley wished to proceed pro se on appeal and, if so, whether his waiver of the right to counsel was knowing, intelligent, and voluntary. Stanley advised the Superior Court that he did not wish to waive that right, but that he wished to discharge Letang because he did not feel that Letang had his "best interest in hand." But, the Superior Court concluded that all it was "supposed to do [wa]s [] determine if [Stanley] wish[ed] to proceed pro se ...." The Superior Court found that Stanley desired the assistance of an attorney. The Superior Court then returned the matter to this Court. One day later, we denied Letang's motion to withdraw as appellate counsel.
(10) We then invited the parties to file supplemental briefs. Letang filed a response, stating: "The issues raised in the appellant's opening brief ... are the only grounds upon which Mr. Stanley relies for relief from this Court." Stanley then sent a letter to this Court that expressed his disagreement with Letang's decision. Then, the State filed its answering brief.
(11) Stanley argues that his sentence violates the Eighth Amendment to the United States Constitution. Specifically, Stanley argues that "[i]n light of [his] prior conviction history, the imposition of [three] consecutive terms of natural life imprisonment without the possibility for early release ... is, as applied, a violation of the proportionality principle of the Eighth Amendment of the United States Constitution." We review his claim of a violation of his constitutional rights de novo.[4]
(12) Title 11, section 4214(b) of the Delaware Code addresses the sentencing of habitual offenders. That section relevantly provides:
Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named ... and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment. Such sentence shall not be subject to the probation or parole provisions of Chapter 43 of this title.[5]
(13) We have explained that "[t]he legislative intent underlying the habitual offender statute is to insure that a defendant has had an opportunity to correct a pattern of criminal conduct before the imposition of an enhanced penalty."[6] We also have explained that "[t]he purpose of the habitual offender statute is to separate civilized society from individuals who have demonstrated their incorrigibility by repeatedly being incarcerated, released, and *1238 convicted of subsequent criminal offenses."[7]
(14) "Under settled Delaware law, this Court generally will not review a sentence that is within the limits set by the legislature."[8] But, in Crosby v. State,[9] we recognized that the Eight Amendment to the United States Constitution limits the sentencing discretion under section 4214 "by prohibiting sentences that are `greatly disproportion[ate]' to the conduct being punished."[10] With that principle in mind, the Crosby court articulated a two-step test for evaluating the sentence that a habitual offender receives. First, "[t]o determine whether a particular sentence is prohibited, th[e] Court must undertake `a threshold comparison of the crime committed and the sentence imposed.'"[11] Second, and only "[i]f such a comparison `leads to an inference of gross disproportionality,' then th[e] Court must compare [the defendant's] sentence with other similar cases to determine whether the trial court acted out of step with sentencing norms."[12] This Court has upheld several section 4214 sentences under Crosby's first prong.[13]
(15) Here, Stanley's sentence is not prohibited because a comparison of the crimes committed and the sentence imposed does not "lead[ ] to an inference of gross disproportionality.'"[14] Over approximately thirty-seven years, Stanley has accumulated a considerable criminal record. That record includes the two crimes that invoked the applicability of section 4214: (1) a 1991 conviction for possession with intent to deliver cocaine, and (2) a 1997 conviction for trafficking in cocaine, 5 to 50 grams. In this case, Stanley was convicted of, among other things, two counts of robbery first degree and one count of burglary first degree. In the sentencing hearing, the Superior Court recounted the brutal nature of those most recent crimes, Stanley's lack of remorse, and Stanley's extraordinary criminal record. In these circumstances, a comparison of the crimes committed and the sentence imposed does not "lead[ ] to an inference of gross disproportionality."[15] Rather, Stanley has demonstrated his "incorrigibility by repeatedly being incarcerated, released, and convicted of subsequent criminal offenses."[16] Accordingly, *1239 Stanley's sentence pursuant to section 4214(b) is appropriate and does not violate the Eighth Amendment to the United States Constitution.
(16) Stanley also argues that the Superior Court abused its discretion in denying a joint continuance request and in sentencing Stanley without an adequate hearing on the merits. Essentially, Stanley argues that the Superior Court failed to satisfy the requirements of title 11, section 4215(b) of the Delaware Code[17] and asks this Court to vacate his sentence and remand the matter for resentencing. But, Stanley raised this argument before we remanded this matter to the Superior Court for resentencing. Consequently, this argument is moot. On remand, both parties were well aware of the applicability of section 4214, and the Superior Court held an adequate hearing on the State's motion. Accordingly, we find no merit to Stanley's second argument.
(17) Stanley raised pro se eight other points under the heading, "Issues [He] Had With Trial." Seven of those eight issues were not raised by defense counsel below. Consequently, we review each of those seven claims for plain error.[18] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[19] "Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[20] Regarding those seven claims, Stanley has not shown that the Superior Court committed plain error.
(18) We review Stanley's remaining claim for abuse of discretion. Stanley argues that the Superior Court abused its discretion in "refus[ing] to give a mistrial when state witness made an in court identification while leaving witness stand by touching Detective Williams[on's] arm and saying ["]that[']s him.["] Stanley accurately recounts the facts that occurred at trial. When Debra Getshall left the witness stand, she touched Detective Williamson's arm, whispered, "that's him," and pointed at Stanley. Defense counsel then moved for a mistrial. The Superior Court denied that motion and offered to give a curative instruction, but the parties agreed to poll the jury to determine if any of the jury members saw or heard the exchange. The following exchange then occurred:
The Court: ... [Y]ou remember Mrs. Getshall, one of the alleged victims, *1240 finished her testimony and as she was walking down the ramp and walking in front of you had an exchange, a brief exchange with Detective Williamson. And I need you, without saying anything, to ask you if any of your saw or heard that. If you did, please raise your hand.
Let the record reflect that none of the jurors have raised their hands.
Is my inquiry sufficient counsel?
Prosecutor: Yes, Your Honor.
Defense Counsel: Yes, Your Honor.
Stanley has not shown that the Superior Court abused its discretion in these circumstances.
(19) Stanley also raised six other claims under the heading, "Ineffective Counsel." But, none of those six claims of error fall within the United States v. Cronic[21] exception to the Strickland v. Washington[22] prejudice test for ineffective assistance of counsel.[23] Accordingly, those ineffective assistance of counsel claims may only be raised in a timely filed Superior Court Criminal Rule 61 motion for postconviction relief.[24]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] A Rule 26(c) brief containing additional points that Stanley wished considered is of record in this case. As will be discussed infra, none of these points have merit.
[2] Supr. Ct. R. 26(c) relevantly provides: "Appeals Without Merit. If the trial attorney, after a conscientious examination of the record and the law, concludes that an appeal is wholly without merit, the attorney may file a motion to withdraw .... (i) Brief and appendix required. The trial attorney is required to file a brief referring to anything in the record which may arguably support the appeal...."
[3] Supr. Ct. R. 26(d)(ii) ("Non-consent. Without the consent of the client, a privately retained attorney may be permitted to withdraw, after complying with paragraph (a) of this rule, on motion served upon the client with notice of a stated time for presentation thereof to the Court.").
[4] Cooke v. State, 977 A.2d 803, 840 (Del.2009) (citing Weber v. State, 971 A.2d 135, 141 (Del. 2009)).
[5] Section 4214(b) then lists thirty felonies to which the habitual sentencing scheme applies. Section 4214(b) concludes: "Notwithstanding any provision of this title to the contrary, any sentence imposed pursuant to this subsection shall not be subject to suspension by the court, and shall be served in its entirety at a full custodial Level V institutional setting without benefit of probation, parole, earned good time or any other reduction."
[6] Ross v. State, 990 A.2d 424, 431 (Del.2010).
[7] Siple v. State, 701 A.2d 79, 85 (Del. 1997) (citing Hall v. State, 473 A.2d 352, 356 (Del. 1984)).
[8] Crosby v. State, 824 A.2d 894, 912 (Del. 2003) (citing Fink v. State, 817 A.2d 781, 790 (Del.2003)).
[9] 824 A.2d 894 (Del.2003).
[10] Id. at 908 (quoting Harmelin v. Michigan, 501 U.S. 957, 997, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment)).
[11] Id. (quoting Harmelin, 501 U.S. at 1005, 111 S.Ct. 2680 (Kennedy, J., concurring in part and concurring in judgment)).
[12] Id. (internal citation omitted). The Crosby court explained that the following three factors are helpful in comparing a case to other habitual offender cases: "(a) the length of the prison term in real time, i.e., the time that the offender is likely actually to spend in prison; (b) the sentence-triggering criminal conduct, i.e., the offender's actual behavior or other offense-related circumstances; and (c) the offender's criminal history." Id. (citing Ewing v. California, 538 U.S. 11, 37, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (Breyer, J., dissenting)).
[13] See Forehand v. State, 997 A.2d 673, 676-77 (Del.2010); Hall v. State, 937 A.2d 139, 2007 WL 3170467, at *2 (Del.2007) (TABLE); Cropper v. State, 871 A.2d 1127, 2005 WL 850423, at *2 (Del.2005) (TABLE); McCleaf v. State, 842 A.2d 1244, 2004 WL 344423, at * 1-2 (Del.2004) (TABLE).
[14] See Crosby, 824 A.2d at 908.
[15] See id.
[16] See Siple, 701 A.2d at 85 (citing Hall, 473 A.2d at 356).
[17] Title 11, section 4215(b) provides:

If, at any time after conviction and before sentence, it shall appear to the Attorney General or to the Superior Court that, by reason of such conviction and prior convictions, a defendant should be subjected to [section] 4214 of this title, the Attorney General shall file a motion to have the defendant declared an habitual criminal under [section] 4214 of this title. If it shall appear to the satisfaction of the Court at a hearing on the motion that the defendant falls within [section] 4214 of this title, the Court shall enter an order declaring the defendant an habitual criminal and shall impose sentence accordingly.
[18] See Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); Turner v. State, 5 A.3d 612, 615 (Del.2010) (quoting Wainwright v. State, 504 A.2d 1096, 1100 (Del.1986)).
[19] Turner, 5 A.3d at 615 (quoting Wainwright, 504 A.2d at 1100).
[20] Id.
[21] 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).
[22] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[23] We have explained that Cronic presumes prejudice in the following three circumstances: (1) "where there is a complete denial of counsel," (2) "where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," and (3) "where counsel is asked to provide assistance in circumstances where competent counsel likely could not." See Cooke, 977 A.2d at 848. None of those circumstances are present here.
[24] See Sahin v. State, 7 A.3d 450, 454 (Del. 2010).