IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH MAYO, §
§
    Defendant Below, §  No. 16, 2016
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware,
§
STATE OF DELAWARE, § Cr. ID No. 1409016508
§
    Plaintiff Below, §
    Appellee. §
§

Submitted:  March 15, 2016
Decided:    April 21, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 21st day of April 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Kenneth Mayo, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence under Superior Court Criminal Rule 35 ("Rule 35"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Mayo's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that, in March 2015, Mayo pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP"). The plea agreement

provided that the State would seek sentencing of Mayo as a habitual offender under 11 *Del. C.* § 4214(a) and recommend the minimum mandatory sentence of fifteen years of Level V incarceration.

(3) On April 7, 2015, the State filed a motion to declare Mayo a habitual offender under 11 *Del. C.* § 4214(a). On June 19, 2015, the Superior Court granted the motion and sentenced Mayo as a habitual offender to fifteen years of Level V incarceration, with credit for time previously served, followed by six months of Level IV supervision. Mayo did not appeal the Superior Court's judgment.

(4) On September 17, 2015, Mayo filed a motion for correction of illegal sentence pursuant to Rule 35(a). Mayo argued that his sentence was illegal because 11 *Del. C.* § 4201, which designates certain felonies, including PFBPP, as violent felonies is unconstitutional. According to Mayo, PFBPP cannot be a violent felony because it does not present a serious risk of physical injury. In an order dated December 15, 2015, the Superior Court found that the sentence was not illegal and denied Mayo's motion. This appeal followed.

(5) We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is

---

[1] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).
[2] *Id.*

2

ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is an unauthorized sentence.[3]

(6)     As he did in the Superior Court, Mayo argues that his sentence is illegal because PFBPP is not a violent felony.  Any person sentenced under Section 4214(a) must receive a minimum sentence not less than the maximum statutory penalty for a fourth or subsequent felony conviction if that conviction is for a violent felony as defined in Section 4201(c).[4]  Section 4201(c) designates PFBPP as a violent felony.[5]

(7)     Relying upon *Johnson v. United States*,[6] Mayo argues that PFBPP cannot be a violent felony because mere possession of a firearm is not a violent offense or crime.  This reliance is misplaced.  In *Johnson*, the United States Supreme Court held that language defining a violent felony in the residual clause of the Armed Career Criminal Act was unconstitutionally vague.[7]  This language does not appear in Section 4201 or Section 4214.  We have previously upheld the constitutionality of Section 4201[8] and Section 4214.[9]

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] 11 *Del. C.* § 4214(a).
[5] 11 *Del. C.*  4201(c).
[6] 135 S. Ct. 2551 (2015)
[7] *Id.* at 2563.
[8] *See, e.g.*, *Forehand v. State*, 997 A.2d 673, 676 (Del. 2010) (upholding constitutionality of Section 4201(c) and noting that felonies listed "do not always involve violence" but "are dangerous crimes that place innocent people at risk of harm").

(8) Mayo also asserts new claims that he did not have "ample" time for rehabilitation between the convictions underlying the State's habitual offender petition, the Superior Court did not possess the State's motion to declare Mayo a habitual offender at the time it declared Mayo a habitual offender, and the Superior Court declared Mayo a habitual offender without a formal hearing or examination.[10] Because Mayo did not raise these claims below, our review is limited to plain error.[11] There is no plain error here.

(9) An offender must have been given "some chance for rehabilitation" before he can be sentenced as an habitual offender."[12] "[T]his Court has held that 'some chance for rehabilitation' means only that some period of time must have elapsed between sentencing on an earlier conviction and the commission of the offense resulting in the later felony conviction."[13] The record reflects that Mayo had some chance for rehabilitation between the 2000, 2004, 2009 convictions underlying the State's habitual offender petition.

---

[9] *See, e.g., Johnson v. State*, 2008 WL 5191835, at *1 (Del. Dec. 11, 2008) (rejecting claim that habitual offender statute was unconstitutional because it did not require submission of predicate felony convictions to jury); *Williams v. State*, 539 A.2d 164, 180 (Del. 1988) (holding defendant's life sentence under Section 4214(b) was not unconstitutionally disproportionate sentence in violation of Eighth Amendment).

[10] Appellant's Opening Brief at 3.

[11] Supr. Ct. R. 8.

[12] *Eaddy v. State*, 1996 WL 313499, at *2 (Del. May 30, 1996) (citing *Hall v. State*, 473 A.2d 352, 357 (Del. 1984)).

[13] *Id.*

4

(10) As to his claims regarding his June 9, 2015 sentencing as a habitual offender, Mayo relies upon a transcript of that hearing. There is no transcript with Mayo's opening brief or in the record.[14] The failure to include a transcript of the June 9, 2015 hearing precludes appellate review of Mayo's claims regarding that hearing.[15] Having carefully considered the positions of the parties and the record on appeal, we conclude that the Superior Court did not err in denying Mayo's motion for correction of an illegal sentence.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[14] In his notice of appeal, Mayo indicated that he wished to order transcripts. The Clerk's office informed Mayo by letter of the procedures for obtaining a transcript. Mayo was directed to take the necessary steps for obtaining a transcript by January 26, 2016. Mayo was informed that if did not take the necessary steps, the appeal would proceed without any transcripts. Mayo did not file any documents reflecting that he took the necessary steps to obtain a transcript.

[15] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (holding that review of an appellant's claim was precluded on appeal because the appellant did not provide transcripts of the trial court's ruling as required by court rules).