# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 0402010364A |
| | ) | |
| REGINALD HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 10, 2022
Decided: February 14, 2022

## ORDER DENYING REGINALD HARRIS'S MOTION FOR REDUCTION OF SENTENCE THROUGH (i) CERTIFICATION OF ELIGIBILITY, (ii) CORRECTION OF ILLEGAL SENTENCE, AND (iii) EARLY RELEASE DUE TO MEDICAL HEALTH ISSUES

This 14th day of February, 2022, upon consideration of the Motion for Reduction of Sentence through (i) Certification of Eligibility; (ii) Correction of an Illegal Sentence; and (iii) Early Release due to Medical Health Issues filed on behalf of Reginald L. Harris (the "Motion"), the State's response thereto, Harris's reply in further support of the Request, the parties' supplemental submissions, and the record in this matter, it appears to the Court that:

1. On September 29, 2004, following a two-day trial, a Superior Court jury convicted Harris of three counts of Possession of a Firearm during the Commission of a Felony ("PFDCF"), Trafficking Cocaine, Use of a Vehicle For Keeping Controlled Substance, Possession with Intent to Distribute ("PWID") Cocaine, Carrying a Concealed Deadly Weapon, and Possession of Drug

Paraphernalia, which later was dismissed due to lack of evidence. On October 13, 2004, the State filed a motion to declare Mr. Harris a habitual offender.[1] Defense counsel argued the motion was unreasonable and unnecessary but did not otherwise oppose the habitual motion because it satisfied the then-extant habitual offender statute. The State relied on a 1983 Third Degree Burglary conviction, a 1984 PWID conviction, and a 1994 Maintaining a Dwelling conviction as the predicate offenses for the motion. On December 17, 2004, the Court declared Mr. Harris a habitual offender and sentenced him to eighty years and three months imprisonment. Mr. Harris's sentencing order notes that his sentence became effective on September 29, 2004.[2]

2. On March 26, 2019, Governor Carney issued an executive order commuting Mr. Harris's sentence. Under the Governor's order, Mr. Harris's new sentence is as follows: (1) as to the first PFDCF charge, 25 years Level V; (2) as to the second PFDCF charge, 25 years at Level V, suspended immediately for 12 months Level IV Work Release, followed by 12 months Level III; and (3) as to Trafficking Cocaine, PWID, and the third PFDCF charge: discharged as unimproved.[3]

---

[1] Harris was declared a habitual offender under then-extant 11 *Del. C.* § 4214(a).
[2] *See* McNair v. State, 15 A.3d 217, 2011 Del. LEXIS 146, *2, 2011 WL 768639, at *1 (Del. 2011) ("Under DEL. CODE ANN. tit. 11, § 3901(b) and (c), a defendant must be credited with all Level V time served in default of bail either by 'backdating' the effective date to the date of incarceration or by crediting the defendant with the time served.").
[3] D.I. 92.

3. Mr. Harris initially filed a *pro se* request for a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[4] His current Motion, which was filed by counsel, continues to seek that relief.[5] Section 4214(f) permits a defendant sentenced as a habitual criminal before July 19, 2016 "to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section" to petition this Court for sentence modification after the defendant has "served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense."[6] Under Section 4214(f), a petitioner must meet two prerequisites to be eligible for sentence modification.[7] The first prerequisite, the "type-of-sentence," limits Section 4214(f) relief to defendants serving a habitual sentence as defined under Section 4214(f) and the January 2020 Order Amending the Special Rule of Criminal Procedure 2017-1 For Review Of a Request to Modify A Habitual Offender Sentence (the "Amended

---

[4] D.I. 91.
[5] D.I. 117; Del. Super. Ct. Spec. R. 2017-1(c)(2)(3).
[6] 11 *Del. C.* § 4214(f).
[7] *Id.* ("[A]ny person sentenced as an habitual criminal to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section, or a life sentence pursuant to subsection (b) of this section prior to July 19, 2016, shall be eligible to petition the Superior Court for sentence modification after the person has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense or offenses, whichever is greater.")

Rule").[8] The second prong, "time served," requires a petitioner to show they have served the minimum sentence that would apply if they were sentenced under the current habitual statute. The time-served prong is calculated by applying Section 4214(a)(b)(c) or (d).

4. When Mr. Harris initially filed his Request for a Certificate of Eligibility, he did so without counsel.[9] The State responded, agreed Mr. Harris was eligible for sentence review under Section 4214(f), and joined his request for a certificate of eligibility.[10] The judge initially assigned to review Mr. Harris's request sent the parties a letter questioning Mr. Harris's eligibility.[11] The State then reversed its position and urged the Court to deny Mr. Harris's Request for Certificate of Eligibility.[12] Mr. Harris then filed a *pro se* motion for Correction of an Illegal Sentence.[13] In 2021, Mr. Harris's current counsel entered an appearance and later

---

[8] Order Amending Special Rule of Criminal Procedure 2017-1 For Review of A Request To Modify A Habitual Offender Sentence (Del. Super. Ct. Spec. R. 2017-1(3)) ("(1) Superior Court Special Rule of Criminal Procedure 2017-1(a) is amended by adding a new paragraph '(3)' as follows: (3) Remedy unavailable for sentences previously modified. The remedy afforded by this rule may not be sought to further reduce or modify any sentence that was previously altered, reduced, or modified by pardon, commutation of sentence, reprieve, remission, or any other act of executive clemency. (2) This amendment shall take effect on February 1, 2020, and shall apply to any request to modify a habitual criminal sentence under 11 *Del. C.* § 4214(f) filed on or after this effective date, or any request that is pending on this effective date, no matter the stage of proceedings on such pending request.")

[9] D.I. 91.

[10] D.I. 92; Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).

[11] D.I. 93.

[12] D.I. 98.

[13] D.I. 99.

filed an omnibus motion seeking modification of Harris's sentence through one or more avenues: (i) issuance of a certificate of eligibility under Section 4214(f); (ii) correction of an illegal sentence under Rule 35(a); and (iii) early release due to medical issues.[14] The State filed a response arguing Mr. Harris meets neither Section 4214(f)'s type-of-sentence nor time-served eligibility requirements.[15]

5.      The Court received and reviewed the parties' supplemental filings and held oral argument on January 6, 2022, to consider Harris's Motion.[16]

**Mr. Harris fails to meet the elements of judicial estoppel.**

6.      Mr. Harris first argues the doctrine of judicial estoppel precludes the State from abandoning its original position that he was eligible for relief under Section 4214(f). Mr. Harris points to the State's prior assertions that he was eligible under Section 4214(f)'s type-of-sentence and time-served requirements.[17] Mr. Harris cites *Lynch v. Gonzalez* to support his position, arguing the six judicial estoppel factors outlined by the *Lynch* court are met.[18] The State, on the other hand, contends the Delaware Supreme Court's decision in *Banther v. State* requires a party invoking

---

[14] D.I. 103, 117.

[15] D.I. 121; 11 *Del. C.* § 4214(f).

[16] *See* D.I. 91, 92, 98, 99, 117, 120, 123.

[17] *See* D.I. 92.

[18] *Lynch v. Gonzalez*, 2020 WL 4381604, *87 (July 31, 2020) ("(1) the inconsistent position must have been successfully maintained when first asserted; (2) a judgment must have been rendered; (3) the positions must be clearly inconsistent; (4) the parties and issues must be identical; (5) the party claiming estoppel must have been misled and changed his position; and (6) it must appear to the court unjust for one party to permit the other to change its position. The Court will not invoke estoppel where its enforcement would frustrate public policy.")

judicial estoppel against the government to demonstrate manipulation, fraud, or bad faith by the government.[19]

7.     This Court need not determine whether the Delaware Supreme Court intended in *Banther* to adopt the manipulation, fraud, or bad faith rule for litigation positions taken by the government because, even if that limitation does not apply, the first two *Lynch* factors are not met here. In order to estop a party from asserting a position that is in direct conflict with a previous position, "the inconsistent position must have been successfully maintained when first asserted," and "a judgment must have been rendered [on the prior position]."[20] Here, the State changed its position regarding Harris's eligibility under Section 4214(f) before any judgment was rendered, and the State's initial position was not successfully maintained because the Court never accepted that position on the merits of Harris's eligibility.[21]

8.     Therefore, Harris has failed to establish the elements of judicial estoppel, and the State may argue that Harris is ineligible under Section 4214(f).

**Mr. Harris does not meet Section 4214(f)'s type-of-sentence requirement.**

9.     Mr. Harris next asserts that, even if judicial estoppel does not apply, he satisfies Section 4214(f)'s first threshold requirement, which requires the moving

---

[19] *Banther v. State*, 977 A.2d 870, 885 (Del. 2009) ("[t]o invoke the doctrine of judicial estoppel, some courts require a preliminary showing of manipulation, fraud or bad faith by the government.")

[20] *Lynch v. Gonzalez*, 2020 WL 4381604, *87 (July 31, 2020) ("(1) the inconsistent position must have been successfully maintained when first asserted; (2) a judgment must have been rendered.")

[21] *See* D.I. 117 at 12-13.

6

party to be serving the type of sentence required for eligibility.[22] The State argues in response that because Mr. Harris is serving a commuted sentenced, he is neither a habitual offender nor serving a habitual sentence. The State also maintains that, under the Amended Rule, all persons previously serving habitual sentences whose sentences where reduced or modified through commutation no longer are eligible for a sentence reduction under § 4214(f).[23]

10.     The State's position is consistent with both the language of 11 *Del. C.* § 4214(f) and the Amended Rule. Section 4214(f) provides that:

> any person sentenced as an habitual criminal to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section, or a life sentence pursuant to subsection (b) of this section prior to July 19, 2016, shall be eligible to petition the Superior Court for sentence modification.[24]

11.     Although it is true that Mr. Harris originally was sentenced as a habitual offender, he no longer is serving a habitual sentence because his sentence was commuted by the Governor. Mr. Harris therefore does not qualify under the type-of-sentence requirement in Section 4214(f).

---

[22] 11 *Del. C.* § 4214(f) ("Notwithstanding any statute, court rule or regulation to the contrary, beginning January 1, 2017, any person sentenced as an habitual criminal to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section, or a life sentence pursuant to subsection (b) of this section prior to July 19, 2016, shall be eligible to petition the Superior Court for sentence modification.")
[23] Order Amending Special Rule of Criminal Procedure 2017-1 For Review of A Request To Modify A Habitual Offender Sentence (Del. Super. Ct. Spec. R. 2017-1(3)).
[24] 11 *Del. C.* § 4214(f).

12. Mr. Harris argues it would be fundamentally unfair to apply the Amended Rule to his motion, which initially was filed before the Amended Rule's February 2020 effective date. The State argues, and the text of the Amended Rule provides, that the Amended Rule applies to any modification request pending as of the Amendment's February 2020 effective date.[25] The case law Mr. Harris cites in opposition to retroactive application has no bearing on the type of case before the Court; the cited cases relate to whether new constitutional rules of criminal procedure apply to cases on collateral review.[26] The Amended Rule is not a new constitutional rule of criminal procedure.

13. Finally, even if the Amended Rule did not apply to Mr. Harris's Motion, the Court nevertheless lacks the power to review or modify the Governor's sentence. Mr. Harris currently is serving a 25-year sentence at Level V for PFDCF with an additional 25 years for another PFDCF conviction, suspended immediately for 12 months Level 4 followed by 12 months Level 3. This sentence was imposed by

---

[25] Order Amending Del. Super. Ct. Spec. R. 2017-1.

[26] *Powell v . State*, 153 A.3d 69, 71-72 (Del. 2016) (citing *Teague v. Lane*, 489 U.S. 288, 307-10 (1989)) (holding "[t]he normal federal framework for determining whether a new rule applies to cases on collateral review is based upon the United States Supreme Court's plurality opinion in *Teague v. Lane. Teague* held that, as a general matter, '[n]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.' Nevertheless, *Teague* and its progeny recognize two exceptions to the general bar on retroactivity. First, '[n]ew *substantive* rules generally apply retroactively.' Second, new 'watershed rules of criminal procedure,' which are procedural rules 'implicating the fundamental fairness and accuracy of the criminal proceeding,' will also have retroactive effect.").

8

Governor Carney in 2019 when Mr. Harris successfully sought commutation. No Delaware statute gives the Court authority to review or modify a sentence imposed by the Governor of the State, and doing so seems antithetical to the separation of powers animating our system of government.

14. Accordingly, Mr. Harris does not meet Section 4214(f)'s type-of-sentence eligibility requirement.

**Mr. Harris does not meet Section 4214(f)'s time-served requirement.**

15. Mr. Harris also asserts he meets Section 4214(f)'s time-served requirement. Under that requirement, a petitioner must show they have served the minimum sentence that would apply if they had been sentenced under the current habitual offender statute. The time-served prong is calculated by applying the current version of Section 4214(a)(b)(c) or (d) based on a defendant's conviction history. Mr. Harris argues, if sentenced today, Section 4214(b) would apply to him, making his minimum sentence twelve and half years, which is half the statutory maximum sentence for PFDCF.[27] The State, however, argues Section 4214(c) is

---

[27] 11 *Del. C.* § 4214(b) ("(b) Any person who has been 3 times convicted of a felony under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony, which is the person's first Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title, shall receive a minimum sentence of 1/2 of the statutory maximum penalty provided elsewhere in this title, unless the maximum statutory penalty is life in which case the minimum sentence shall be 30 years, for the subsequent felony which forms the basis of the States petition to have the person declared to be an habitual criminal, up to life imprisonment, unless the felony conviction allows and results in the imposition of capital punishment.")

applicable, and Mr. Harris therefore is required to serve the 25-year maximum statutory sentence for the triggering PFDCF conviction.[28] Although Mr. Harris is correct that twelve-and-a-half years would be his minimum sentence under the current habitual law *if* the Court considered only the felonies listed in the State's initial habitual offender petition, binding Delaware Supreme Court precedent requires this Court to consider an offender's complete criminal history in determining Section 4214(f) eligibility. Applying that precedent, it is undisputed that Mr. Harris was convicted of three separate and successive felonies before his current PFDCF conviction: Burglary Third Degree (1984), Assault Second Degree (1986), and Maintaining a Vehicle (1994). Under Section 4214(c), Harris, who has thrice before been convicted of felonies —one of which (Assault Second) was a Title 11 violent felony — must serve a minimum sentence of not less than the statutory maximum penalty provided for the triggering PFDCF conviction, also a violent felony.[29]

---

[28] 11 *Del. C.* § 4214(c) ("(c) Any person who has been 2 times convicted of a felony under the laws of this State, and/or any other state, United States or any territory of the United States, and 1 time convicted of a Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title under the laws of this State, and/or any comparable violent felony as defined by another state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent Title 11 violent felony, or attempt to commit such a violent felony, as defined by § 4201(c) of this title, shall receive a minimum sentence of the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal, up to life imprisonment, unless the felony conviction allows and results in the imposition of capital punishment.")

[29] *See* 11 *Del. C.* § 4214(c).

16.     Mr. Harris correctly points out that Section 4214(c) only applies if one of the predicate offenses was a violent offense, and the convictions the State relied on in its original habitual petition did not include any violent felonies. But the Delaware Supreme Court effectively rejected that position when it affirmed this Court's decision in *Lewis v. State*.[30] In *Lewis*, this Court confronted an identical factual situation: Lewis's criminal history fell within Section 4214(c), but the prior convictions making him eligible under subsection (c) were not all contained within the State's original petition.[31] The Court explained:

> [o]ccasionally, . . . statutory tiering under the revised Habitual Criminal Act is based on considerations such as whether a predicate felony conviction was for a Title 11 violent felony—something that was of no moment to the State when filing, nor the Court when granting a habitual criminal petition under the old law.[32]

In such cases, the Court held it must "conduct a more searching inquiry into [the defendant's] conviction history."[33] In Lewis's case, the Court determined his past convictions fell within Section 4214(c), even though the State did not previously rely on those convictions in its habitual offender petition.[34] As a result, Lewis had

---

[30] *Lewis v. State*, 211 A.3d 137 (Del. 2019).

[31] *State v. Lewis*, 2018 WL 4151282, LEXIS 378 *4-5 (Del. Super. Ct. Aug. 28, 2018).

[32] *Id.* at *2.

[33] *Id.*

[34] *Id.* at *3-4 ("inmate meets the time-served eligibility requirement when he 'has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by [the new provisions of 11 Del. C. § 4214] or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater' ... the Court had to conduct a hearing equivalent to that required under section 4215(b) of Title 11 'solely to determine the factual existence of prior convictions which will justify enhanced punishment.'")

not served his minimum sentence and was ineligible for relief under Section 4214(f).[35] Since the Delaware Supreme Court affirmed *Lewis*, this Court has no discretion to reach a different result.[36]

17. Accordingly, although Mr. Harris's 1986 Assault Second Degree conviction did not form the basis of the State's 2004 petition to declare him a habitual offender, the conviction may, and in fact must under *Lewis*, be considered for purposes of determining the minimum time-served requirement under Section 4214(f).[37] Because Mr. Harris has not served the minimum sentence required by Section 4214(c), he also does not meet Section 4214(f)'s second eligibility requirement.

**Mr. Harris's sentence is not illegal under *State v. Hicks*.**

18. Mr. Harris next argues he is serving an illegal sentence under *State v. Hicks*.[38] In *Hicks*, this Court held that "a defendant must have prior separate qualifying convictions to serve as predicate offenses, with some chance for

---

[35] *Id.* at *5.

[36] *Lewis v. State*, 211 A.3d 137 (Del. 2019).

[37] *State v. Lewis*, 2018 WL 4151282, at *3-4. As explained in the next section, consideration of the Assault conviction is not "illegal" under *State v. Hicks* because the Court is not simultaneously considering the overlapping Possession sentence.

[38] *State v. Hicks*, 2010 WL 3398470, *9-10 (Del. Super. Ct. Aug. 17, 2010) (quoting *Hall v. State*, Del. Supr., 473 A.2d 352, 357 (1984) ("[a]lthough a defendant must have been given "'some chance for rehabilitation'" before he may be sentenced as an habitual offender, this Court has held that 'some chance for rehabilitation' means only that some period of time must have elapsed between sentencing on an earlier conviction and the commission of the offense resulting in the later felony conviction.").

rehabilitation after each sentencing," but "[t]here is no set time frame between the preceding conviction and the arrest."[39] Mr. Harris argues he was arrested for Assault Second Degree before he was sentenced for PWID, such that he was not offered an opportunity for rehabilitation before the Assault conviction. Mr. Harris is correct that these convictions overlap under *Hicks*. Accordingly, the State could not rely on *both* the Assault Second and the PWID convictions to establish Mr. Harris's habitual offender status. The State, however, did not rely on his Assault Second Degree conviction in its habitual petition, and Mr. Harris's sentence therefore is consistent with *Hicks*. Mr. Harris's 2004 habitual offender sentence was based upon his Third-Degree Burglary conviction, his 1984 PWID conviction, and his Maintaining a Vehicle conviction. His sentence therefore is not illegal.

**Mr. Harris's medical concerns only may be addressed through 11 *Del. C.* § 4217.**

19. Finally, Mr. Harris argues the Department of Corrections is not providing him with the level of care needed to address his medical concerns, and he therefore should be considered eligible for sentence reduction. Mr. Harris's request for modification falls outside the 90-day limitations period contained in Delaware

---

[39] *State v. Hicks*, 2010 WL 3398470 at *8-10 (Del Super. Ct. Aug. 17, 2010).

13

Superior Court Criminal Rule 35(b), and his circumstances do not qualify as "extraordinary."[40]

20.    The Delaware Supreme Court places a high burden on petitioners who file a Rule 35(b) motion more than 90 days after a sentence is imposed. Motions based on medical conditions do not meet that burden. For example, in *Richmond v. State*, the Delaware Supreme Court held that the defendant's allegation that he was not receiving adequate treatment for sickle cell anemia did not constitute an "extraordinary circumstance" justifying consideration of an untimely and repetitive Rule 35 motion.[41]

21.    Mr. Harris may, however, avail himself of 11 *Del. C.* § 4217, which is the proper mechanism to address requests to modify a sentence based on "serious medical illness."[42] Although the State advised the Court on February 10, 2022 that

---

[40] Super. Ct. R. Crim. 35(b) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant 11 Del. C. § 4217.")

[41] *Richmond v. State*, 149 A.3d 1020, 1020 (Del. 2016). *See also Holmes v. State*, 121 A.3d 1234, 2015 WL 667522, at *1 (Del. 2015) (affirming denial of motion for sentence modification by defendant who was suffering from liver cancer in absence of Section 4217 certification); *Briddell v. State*, 82 A.3d 729, 2013 WL 6212228, at *4 (Del. 2013) (holding "[i]n the absence of an application by the Department of Correction, Briddell cannot expect a sentence modification under Rule 35(b) based on a serious medical condition").

[42] 11 *Del. C.* § 4217(a)-(c) ("(a) In any case where the trial court has imposed an aggregate sentence of incarceration at Level V in excess of 1 year, the court shall retain jurisdiction to modify the sentence to reduce the level of custody or time to be served under the provisions of this section. (b) The court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not

14

Harris is not eligible for Section 4217 modification for *non-medical reasons*, he remains eligible to apply under Section 4217 for medical reasons.

**FOR THE FOREGOING REASONS, IT IS ORDERED** that Reginald L. Harris's Motion for a Reduction of Sentence through (i) Certification of Eligibility Pursuant to Special Rule of Procedure 2017-1 and 11 Del. C. § 4214(f) For Review of A Sentence to Modify A Habitual Offender Sentence; (ii) Correction of An Illegal Sentence; and (iii) Early Release Due to Medical Health Issues is **DENIED**.

*/s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:     Herbert W. Mondros, Esquire
        Annemarie Puit, Deputy Attorney General

---

constitute a substantial risk to the community or the defendant's own self. (c) Good cause under this section shall include, but not be limited to, rehabilitation of the offender, serious medical illness or infirmity of the offender and prison overcrowding.")