RICHARD FRINK, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 237, 2008.
Supreme Court of Delaware.
Submitted: August 13, 2008.
Decided: September 22, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 22nd day of September 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Richard Frink, filed an appeal from the Superior Court's February 8, 2008 order denying his motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) In May 2004, Frink pleaded guilty to two counts of Criminally Negligent Homicide and one count of Conspiracy in the First Degree. On each of the homicide counts, he was sentenced to 4 years at Level V. On the conspiracy count, he received a period of probation. Frink did not file a direct appeal from his convictions and sentences.
(3) In this appeal from the Superior Court's denial of his Rule 35(a) motion, Frink claims that the Superior Court abused its discretion when it denied the motion as untimely and meritless without an evidentiary hearing. He argues that his sentence was based upon a material misapprehension of fact in the presentence report, was imposed in violation of the proper procedures for presentence investigations,[1] and, therefore, is illegal.
(4) Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily-authorized limits or violates double jeopardy.[2] A sentence also is illegal when it is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3] The narrow function of a Rule 35(a) proceeding is to correct an illegal sentence, not to re-examine alleged errors occurring prior to the imposition of sentence.[4]
(5) Frink has not demonstrated that he is entitled to relief under Rule 35(a). His claims do not fall within the parameters of Rule 35(a) and instead implicate alleged errors occurring prior to the imposition of sentence, which are explicitly outside the scope of Rule 35(a). Because the applicability of Rule 35(a) is a legal question, there was no need for the Superior Court to schedule an evidentiary hearing. To the extent that Frink's claim can be deemed to constitute a claim that the Superior Court judge imposed his sentence in an illegal manner under Rule 35(a), that claim, too, is unavailing, since his motion had to be filed within 90 days of the imposition of his sentence.
(6) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Super. Ct. Crim. R. 32(c) (3).
[2] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[3] Id.
[4] Id.