# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: June 21, 2023
Decided: July 18, 2023

Mr. Gigere F. Jackson
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

John S. Taylor, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street, 7th Floor
Wilmington, Delaware 19801

> RE: *State v. Gigere Jackson*
> ID No. 1707014544
> Cr A. Nos. 17-08-0024, etc.
> *Mr. Jackson's Motion for Correction of an Illegal Sentence*

Dear Messrs. Jackson and Taylor:

The Court has reviewed Mr. Jackson's most recent filing through which he, *pro se*, invokes Superior Court Criminal Rule 35(a) in an attempt to reduce his cumulative sentence.[1] In short, Mr. Jackson says he was wrongfully convicted of a Possession of a Firearm by a Person Prohibited ("PFBPP") count and a Possession of Ammunition by a Person Prohibited ("PABPP") count because, while two guns and two sets of ammunition were in his possession, they were all secreted in his basement in a single cooler.[2]

---

[1] Def. R. 35(a) Mot. (D.I. 76).

[2] *Id.* at 1-4.

Mr. Jackson's claim of an invalid conviction is incognizable here. Rule 35(a) is no vehicle for vacating a conviction—the rule presumes one's conviction is valid.[3] Rule 35(a) is, instead, a means only of contesting one's sentence.[4] Because Mr. Jackson's claim is that he could have been convicted of only two of the four indicted offenses, relief via Rule 35(a) motion is unavailable.[5]

That said, for the sake of completeness, the Court has reviewed: Mr. Jackson's request; his supplemental letter[6]; the record in his case; and, the applicable law and Court rules.

In 2018, following a two-day non-jury trial, Mr. Jackson was convicted of two counts of Possession of a Firearm by a Person Prohibited ("PFBPP") and two counts of Possession of a Firearm by a Person Prohibited ("PABPP").[7]

---

[3] *Brittingham v. State*, 705 A.2d 577, 578-79 (Del. 1998). *E.g.*, *Wehde v. State*, 2015 WL 5276752, at \*3 (Del. Sept. 9, 2015) ("A proceeding under Rule 35 presumes a valid conviction. Rule 35 is not a means for [an inmate] to attack the legality of his convictions or to raise allegations of error in the proceedings before the imposition of sentence." (internal citation omitted)).

[4] *Buchanan v. State*, 2013 WL 5918802, at \*1 (Del. Nov. 1, 2013) ("The purpose of [Rule 35(a)] is to permit correction [of] an illegal sentence, *not* to reexamine errors occurring at trial or prior to the imposition of sentence." (emphasis in original)).

[5] *See Frink v. State*, 2008 WL 4307199, at \*1 (Del. Sept. 22, 2008) (finding that inmate's "claims do not fall within the parameters of Rule 35(a) and instead implicate alleged errors occurring prior to the imposition of sentence, which are explicitly outside the scope of Rule 35(a)").

[6] D.I. 79.

[7] Verdict Sheet, *State v. Gigere F. Jackson*, ID No. 1707014544 (Del. Super. Ct. Aug. 8, 2018) (D.I. 19); *see State v. Jackson*, 2020 WL 2192348 (Del. Super. Ct. May 5, 2020).

Mr. Jackson was sentenced to serve: (a) ten years at Level V for one PFBPP count (IN17-08-0024); and (b) ten years at Level V followed by six months of supervised probation for the second PFBPP count (IN17-08-0025).[8] The Court suspended the sentence on the PABPP charges. Mr. Jackson's cumulative 20-year period of unsuspended imprisonment is comprised wholly of minimum terms of incarceration that had to be imposed and could not be suspended.[9] And his two terms of unsuspended incarceration were ordered, as then-required, to be served consecutively.[10]

Mr. Jackson docketed a timely direct appeal from his convictions and sentence.[11] While his appeal was pending, he timely filed a *pro se* motion under Superior Court Criminal Rule 35(b) requesting reduction of the Level V term of his

---

[8] Modified Sent. Order, *State v. Gigere F. Jackson*, ID No. 1707014544 (Del. Super. Ct. Feb. 18, 2019) (D.I. 30).

[9] DEL. CODE ANN. tit. 11, § 1448(e)(1)(c) (2017) ("Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses . . . or controls a firearm . . . while so prohibited shall receive a minimum sentence of . . . c. Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.").

[10] Mr. Jackson's terms of incarceration for the two the PFBBPP counts—because he was previously convicted of at least one Title 11 violent felony—could not, under then-extant law, be imposed to be served concurrently either with each other or with any other sentence of confinement imposed. *Id.* at § 3901(d).

[11] *See* Not. of Appeal, *Gigere F. Jackson v. State of Delaware*, No. 73, 2019 (Del. Feb. 20, 2019).

sentence.[12] The Court stayed and deferred decision on the sentence-reduction motion while Mr. Jackson's appeal was pending.[13] In October 2019, the Supreme Court affirmed Mr. Jackson's convictions and sentence.[14]

The Court then denied the Rule 35(b) motion on the merits, finding that Mr. Jackson's cumulative term of imprisonment is a minimum mandatory statutory sentence that cannot be reduced or suspended.[15] Thereafter, he filed an unsuccessful Rule 61 motion.[16] And now, Mr. Jackson has filed this motion for correction of illegal sentence under Superior Court Rule 35(a).[17]

Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[18] But relief under Rule 35(a) is available only when the sentence imposed: (1) exceeds the statutorily-authorized limits; (2) omits a term required to be

---

[12]  D.I. 34.

[13]  *See* Order, *State v. Gigere F. Jackson*, ID No. 1707014544 (Del. Super. Ct. Mar. 8, 2019) (D.I. 35) (staying Jackson's Rule 35(b) motion during pendency of appeal); Super. Ct. Crim. R. 35(b) ("The court may decide the motion or defer decision while an appeal is pending.").

[14]  *Jackson v. State*, 2019 WL 5067096, at *2 (Del. Oct. 8, 2019).

[15]  *State v. Jackson*, 2020 WL 2192348, at *2 (Del. Super. Ct. May 5, 2020) ("In short, no matter the factors, facts, or circumstances Jackson asks the Court to consider, his cumulative term of imprisonment is a minimum statutory sentence that simply cannot be reduced under Criminal Rule 35(b).").

[16]  *State v. Jackson*, 2022 WL 1076083, at *12 (Del. Super. Ct. Apr. 11, 2022), *appeal dismissed,* 2022 WL 2154418, at *1 (Del. June 14, 2022).

[17]  D.I. 76.

[18]  Super. Ct. Crim. R. 35(a).

imposed by statute; (3) is uncertain as to its substance, or (4) is a sentence that the judgment of conviction did not authorize.[19]

To reiterate, Mr. Jackson does not actually challenge his sentence. Rather, he seeks vacatur of two of his four convictions so that the two corresponding sentences fall therewith. Mr. Jackson says that because "[t]he weapons and ammunition were all located in one place at the same time during one single course of conduct," he could only have been convicted of one firearm charge and one ammunition charge.[20] Mr. Jackson cites four Delaware Supreme Court decisions for support.[21] But none speak to the propriety of his multiple PFBPP and PABPP convictions here.

In contrast, the issue he now raises has been considered and squarely rejected under Delaware law.[22] Most specifically, in *Buchanan v. State* our Supreme Court

---

[19]   *Brittingham*, 705 A.2d at 578.

[20]   Def. R. 35(a) Mot. at 2.

[21]   *Parker v. State*, 201 A.3d 1181, 1192 (Del. 2019) (finding "theft of a motor vehicle and felony theft are the 'same offense' for double jeopardy purposes"); *Williams v. State*, 796 A.2d 1281, 1288 (Del. 2002) (finding the multiplicity doctrine applies where a defendant does not "formulate two separate intents to distribute cocaine even though he separated the cocaine into different caches"); *Poteat v. State*, 840 A.2d 599, 606 (Del. 2003) (finding "the General Assembly intended for Aggravated Menacing to be a lesser-included offense of Robbery in the First Degree" and concluding "the convictions for those separate crimes during the same occurrence must be merged"); *Hall v. State*, 473 A.2d 352, 356-57 (Del. 1984) (finding "2 times convicted" under the habitual offender statute applies "only to those offenders who have been twice convicted of the specified felonies in prior proceedings where the second conviction took place on account of an offense which occurred after sentencing had been imposed for the first offense").

[22]   *See Buchanan v. State*, 2011 WL 3452148, at *4 (Del. Aug. 8, 2011) (each weapon possessed—even though possessed simultaneously—warranted a separate count, conviction, and sentence); *Brown v. State*, 2021 WL 2588923, at *1 (Del. Jun. 24, 2021) (affirming convictions

denied postconviction relief where the defendant argued *inter alia* that three charges—two charges for possession of two separate firearms, and one charge for possession of ammunition—should have merged into a single offense.[23] The Supreme Court rejected that contention finding that merger was inappropriate as "[e]ach handgun and the ammunition constituted a different offense."[24]

Here, Mr. Jackson was found in possession of two firearms and two sets of ammunition. Those offenses do not merge.[25] And so—even if brought in a procedurally proper manner—Mr. Jackson's claim that one firearm conviction and one ammunition conviction should be dismissed is without substantive merit.

Accordingly, Mr. Jackson's Rule 35(a) motion is **DENIED**.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

cc:    Prothonotary-Criminal

---

for two counts under Delaware's person-prohibited statute based on defendant's possession of a single firearm and ammunition for that firearm); *see also Patrick v. State*, 261 A.3d 1282, 1290-91 (Del. 2021) (citing *Buchanan* and observing that "a charge for each act of possession under the [PFBPP] statute [i]s proper, meaning the relevant unit of prosecution is each act of possession and not [the defendant's] status as a person prohibited").

23    *Buchanan*, 2011 WL 3452148, at *4.

24    *Id.*

25    *Id.*; *Brown*, 2021 WL 2588923, at *1.