# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 1202018751
)
MARSAAN NEWMAN, )
)
Defendant. )

Submitted: September 29, 2025
Decided: November 18, 2025

*Upon Defendant Marsaan Newman's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

## ORDER

Brian J. Robertson, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

Marsaan Newman, SBI# 301878, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19971, *pro se*.

**WHARTON, J.**

This 18th day of November 2025, upon consideration of Defendant Marsaan Newman's ("Newman") Motion for Postconviction Relief[1] ("PCR Motion"), his Memorandum of Law in Support of Rule 61 Postconviction Relief,[2] and the record in this case, it appears to the Court that:

1.    Newman pled guilty on September 18, 2012 to Robbery First Degree and Assault Second Degree.[3] A pre-sentence investigation was ordered.[4] On November 16, 2012, this Court declared him a habitual offender pursuant to 11 *Del. C.* § 4214(a) and sentenced him to 45 years of incarceration on the robbery charge.[5] He received an additional eight years in prison, suspended after five years for decreasing levels of supervision on the assault charge. He was not declared an habitual offender on that charge.[6] Newman did not file a direct appeal, but, instead filed a series of unsuccessful sentence modification motions and unsuccessful postconviction relief motions.[7] He also unsuccessfully sought to have his sentence deemed illegal.[8]

---

[1] D.I. 67.
[2] D.I. 68.
[3] D.I. 11.
[4] *Id.*
[5] D.I. 65.
[6] D.I. 40
[7] D.I. 23; D.I. 51.
[8] *State v. Newman,* 2025 WL 1203111 (Del. Super. Apr. 25, 2025).

2. Newman now moves again for postconviction relief.[9] Accompanying that motion is a memorandum of law.[10] Newman raises four claims. His first alleges his guilty plea was involuntary. He alleges that the plea colloquy failed to establish that he understood the elements of the crimes to which he pled guilty, the precise sentencing range, and that by pleading guilty he would be subject to sentencing as an habitual offender. The second alleges that his counsel was ineffective because he did not challenge his status as an habitual offender because one of the predicate felonies – escape after conviction – occurred while he was serving another sentence. Relatedly, the third alleges that he was ineligible to be declared an habitual offender because he had not completed a prior sentence before committing the escape charge. The fourth claim is based on *Erlinger v. United States*.[11] It alleges that a jury was required to determine if he was an habitual offender.

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[12] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[13] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time

---

[9] D.I. 67.
[10] D.I. 68.
[11] 602 U.S. 821 (2024).
[12] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[13] *Id.*

3

limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[14] A second or subsequent motion is repetitive and therefore barred.[15] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[16] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[17] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[18] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[19] The above bars to relief do not apply either to a claim the court lacked jurisdiction or to one claiming: (1) actual innocence; or (2) the application of a newly recognized, retroactively applied, rule of constitutional law rendering the conviction invalid.[20] None of Rule 61(i)'s bars to relief are present here.

    4.    To successfully bring an ineffective assistance of counsel ("IAC") claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2)

---

[14] Super. Ct. Crim. R. 61(i)(1).
[15] Super. Ct. Crim. R. 61(i)(2).
[16] Super. Ct. Crim. R. 61(d)(2)(i).
[17] Super. Ct. Crim. R. 61(d)(2)(ii).
[18] Super. Ct. Crim. R. 61(i)(3).
[19] Super. Ct. Crim. R. 61(i)(4).
[20] Super. Ct. Crim. R. 61(i)(5), citing Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

that the deficiencies prejudiced the claimant by depriving him of a fair trial with reliable results.[21] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[22] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[23] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[24] A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[25] When addressing the prejudice prong of the IAC test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[26] An inmate must satisfy the proof requirements of both prongs to succeed on an IAC claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[27]

---

[21] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[22] *Id.* at 667-68.

[23] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[24] *Strickland*, 446 U.S. at 689.

[25] *Id.* at 694.

[26] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett,* 2005 WL 30609076, at *3 (Del. Super. Ct. Nov. 15, 2005).

[27] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

5. Newman recognizes that he must overcome Rule 61's bars to relief, in particular the timeliness requirement of Rule 61(i)(1) and the repetitiveness prohibition of Rule 61(i)(2) . His effort to show cause for relief is based on *Erlinger* and a claim that counsel's ineffectiveness prevented him from raising these issues earlier. As prejudice he asserts that his habitual offender designation significantly enhanced his sentence.

6. Newman's reliance on *Erlinger* is misplaced. As the Court stated when it denied his Motion for Correction of Illegal Sentence:

> The plea agreement reads, "Defendant acknowledges that he is subject to sentencing pursuant to 4214(a) given his convictions for Assault First Degree on April 29, 2003; Escape After Conviction on October 3, 2001; and Robbery Second Degree on March 21, 1997."[28] Newman admitted his status as an habitual offender in the plea agreement. Just as Newman waived his right to have a jury determine his guilt beyond a reasonable doubt when he entered his guilty plea, so too did he waive his right to have a jury determine his status as a habitual offender.[29]

7. He is similarly incorrect that his conviction for escape after conviction cannot be considered to declare him an habitual offender. There is no requirement that a sentence for one crime must be completed before a defendant commits another qualifying felony.

> Although a defendant must have been given "some chance for rehabilitation" before he may be sentenced as an habitual offender, this Court has held that "some chance for rehabilitation" means only that some period of time

---

[28] D.I. 11.
[29] *State v. Newman* 2025 WL 120111, at *2.

6

> must have elapsed between sentencing on an earlier conviction and the commission of the offense resulting in the later felony conviction.[30]

The Motion to Declare Newman an habitual Offender shows he was sentenced on the initial qualifying felonies on March 21, 1997.[31] He did not commit the escape charge until April 3, 2001.[32] Four years is more than ample time for Newman to have "some chance for rehabilitation." Newman's claim that his counsel's ineffectiveness constituted cause for his failure to raise his claims earlier itself fails because counsel was not ineffective. Newman simply misunderstands the law. Since there was no violation, Newman was not prejudiced.

8. The Court finds that Newman has failed to establish that Rule 61's bars to relief are inapplicable. His postconviction relief claims are barred as untimely and repetitive.

9. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[33] Here, it is plain to the Court from the PCR Motion and the record in this case that Newman is not entitled to relief.

---

[30] *Eaddy v. State,* 1996 WL 313499, at *2 (del. 1996) (citing *Hall v. State,* 473 A.2d 352, 357 1984 discussing 11 *Del. C.* § 4214(b)).

[31] D.I. 19.

[32] *Id.*

[33] Super. Ct. Crim. R. 61(d)(5).

**THEREFORE,** Defendant Marsaan Newman's Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.